KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in finding that Ford Motor Credit Company was not liable to reimburse plaintiff for a debt not owed but nonetheless paid.
Plaintiff, Commercial Union Insurance Company (hereinafter Commercial Union), filed suit against Brenda Turner (hereinafter Turner) and. Ford Motor Credit Company (hereinafter Ford Motor) seeking to recover the sum of $2,566.55. Commercial Union issued a check made payable to Turner and Ford Motor, as a result of an accident in which Turner’s vehicle was damaged, because it mistakenly believed that Turner was its insured. The check was made jointly payable to Turner and Ford Motor because Ford Motor was shown on the expired insurance policy as the lien-holder of the Turner vehicle. A Motion For Summary Judgment was filed by Commercial Union. Ford Motor filed an opposition to plaintiff’s Motion For Summary Judgment and also filed its own Motion For *1220 Summary Judgment. After a hearing, the trial judge took the matter under advisement. The trial judge rendered written reasons for judgment and granted Ford Motor’s Motion For Summary Judgment and denied Commercial Union’s motion. A formal written judgment was signed. Commercial Union timely devolutively appeals. We affirm.
FACTS
On or about November 5, 1983, Turner was involved in an automobile accident when her automobile was struck by another vehicle. Mistakenly believing Turner to be one of its insureds, Commercial Union issued a check to pay for the damages to the car, made jointly payable to Turner and Ford Motor in the amount of $2,566.55. Ford Motor had been shown as the lien-holder in the expired insurance policy of Turner. Turner received the check and brought it to Ford Motor’s representative, Warren J. Meche, to endorse. Meche endorsed the check, “Without recourse or warranty of prior endorsement,” to Acadi-an Body Shop for repairs to Turner’s vehicle. Turner gave the check to Acadian Body Shop to pay for the repair of her damaged automobile.
Subsequently, Commercial Union discovered that Turner had cancelled her policy and was not its insured at the time of the accident.
Commercial Union filed suit against Turner for the amount of the check issued to her and later amended its suit to add Ford Motor as an additional defendant. Ford Motor answered, admitting only that it was a payee on a check issued by Commercial Union to Turner and Ford Motor, and that it endorsed the check to Acadian Body Shop. Ford Motor filed a third party demand against Turner alleging that, if it was found liable, then Turner owed it reimbursement.
Commercial Union filed a Motion for Summary Judgment alleging that it is entitled to reclaim from Ford Motor a thing not due which had been unduly paid, citing La.C.C. Arts. 2301-2304.
Ford Motor filed an Opposition to the Motion for Summary Judgment and filed its own Motion for Summary Judgment. Ford Motor alleged that it merely endorsed the check as a convenience to Turner and that it retained no portion of the payment nor did it apply any portion of the payment to Turner’s debt owed to it. Ford Motor contends that it received no payment or benefit from endorsing the check and that, for this reason, it does not owe anything.
The trial judge found, based on the pleadings, affidavits, and depositions submitted, that Ford Motor did not receive anything that was not due it and, therefore, Ford Motor was not liable to Commercial Union. Accordingly, the trial judge granted Ford Motor’s Motion for Summary Judgment dismissing Commercial Union’s claim against Ford Motor and denied Commercial Union’s Motion for Summary Judgment against Ford Motor.
LAW
A person who has paid money to another by mistake, thinking he owed a debt, may reclaim what he has paid. La. C.C. Art. 2302. A person who receives what is not due him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it. La.C.C. Art. 2301. A thing not due is that which is paid on the supposition of an obligation which did not exist. La.C.C. Art. 2304. Negligence per se is not a bar to recovery for payment of a thing not due. Tischler v. City of Alexandria, 471 So.2d 1099 (La.App. 3 Cir.1985).
The trial judge rendered well written reasons for judgment, which we adopt as our own and attach hereto as. an appendix. We agree with the trial judge that recovery for a debt not due must be made from the one who received the payment or benefit. We also agree with the trial judge who found that Ford Motor did not receive any payment or benefit and can not be held liable to return something it never received. For these reasons, the judgment of the trial court is affirmed. All *1221 costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.
CIVIL SUIT NUMBER 138,032 COMMERCIAL UNION INSURANCE COMPANY
VERSUS
BRENDA TURNER
NINTH JUDICIAL DISTRICT COURT
STATE OF LOUISIANA
PARISH OF RAPIDES

WRITTEN REASONS ON MOTION FOR SUMMARY JUDGMENT

This is a suit seeking recovery of payment of a thing not due under Louisiana Civil Code Articles 2301, et seq. The pertinent facts of the case are uncontested. As a result of an automobile accident in which a car was damaged, Commercial Union Insurance Company wrote a check payable to “Brenda Turner and Ford Motor Credit Company” under the mistaken assumption that Brenda Turner maintained an insurance policy with Commercial Union when, in fact, she did not. When Ford Motor Credit Company was presented the check for endorsement by co-payee Brenda Turner, they endorsed the check to the order of Acadian Body Shop, who was to repair the car.
Because no policy of insurance ever existed and the funds were paid by mistake, Commercial Union Insurance Company has moved for a summary judgment against Ford Motor Credit Company, who was a joint payee of the check.
Ford Motor Credit Company opposes plaintiffs motion for summary judgment and additionally filed a counter motion for summary judgment asking this court to dismiss plaintiffs claim against them. Ford Motor Credit Company contends that it merely endorsed the check and returned it to Brenda Turner and that it never received any benefit or payment from its endorsement of the check. They argue that they cannot be held responsible for the funds as a result of only endorsing the check. In support of their position, Ford Motor Credit Company offered the affidavit of Warren J. Meche, assistant branch manager of the Alexandria office, who endorsed the check. Meche stated that he merely endorsed the check on behalf of Ford Motor Credit Company as a courtesy to Brenda Turner. Further, he testified that Ford Motor Credit Company did not cash the check, nor did they receive any other pecuniary advantage from the check. As a result, Ford Motor Credit Company argues that they did not receive anything not due them under La.Civil Code Article 2301 and, therefore, they cannot be liable to return something that they never received.
At the hearing of these motions for summary judgment, Commercial Union argued that Ford’s collateral (the mortgaged car) was enhanced by the payment to Brenda Turner and, therefore, Ford did receive some benefit from the mistaken payment. However, Warren Meche stated in his affidavit that Ford Credit did not apply the check or any portion thereof to the account of Brenda Turner. Absent any evidence that Ford Motor Credit Company was forced to foreclose on the mortgaged car and seize their collateral (which would now be enhanced due to the repair work done), this Court must rule that Ford Motor Credit Company received no benefit as a result of Commercial Union's issuance of the check in question.
This Court believes that before Ford can be obligated to restore any funds under La.Civil Code Article 2301, et seq., it must first be shown that Ford actually received something. After viewing the admissions and other pleadings, as well as the affidavits and depositions submitted, this Court is of the opinion that Ford Motor Credit Company did not receive anything that was not due to them and, therefore, they cannot be held liable to return the amount in question to Commercial Union Insurance Company. Accordingly, Commercial Union Insurance Company’s motion for summary judgment is denied. Ford Motor Credit Company’s motion for summary judgment *1222 dismissing Commercial Union Insurance Company’s claim against them is granted.
THUS DONE AND SIGNED this 1st day of August, 1989, at Alexandria, Louisiana.
Robert P. Jackson ROBERT P. JACKSON NINTH JUDICIAL DISTRICT DIVISION “E”